FILED
2009 May-26  PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

09 MAY 26  AM 10: 10

J.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ABIGAIL A. RUDD, on her own behalf and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | CV-09-P-1018-S |
| v. | ) ) | JURY TRIAL DEMANDED |
| AMERICAN HOME SHIELD CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## NATIONWIDE CLASS ACTION COMPLAINT

Plaintiff Abigail A. Rudd, on behalf of herself and all others similarly situated, hereby brings this civil action against defendant American Home Shield Corporation ("defendant" or "AHS").

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Abigail A. Rudd ("plaintiff" or "Rudd") is an adult resident citizen of Alabama and of this district and division.

2.      Defendant AHS is a business corporation organized under and existing pursuant to the laws of the state of Delaware, with its principal place of business in Delaware.

3.      This is a class action with class members located throughout the United States. Less than one-third of the class members reside in Alabama. The defendant is not a citizen of Alabama. The amount in controversy exceeds $5,000,000.00 (five million dollars) exclusive of interest and costs. Accordingly, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d) (as modified by the Class Action Fairness Act of 2005).

4.      This case alleges violations of Section 8 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"). This case thus arises under the laws of the United States. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

5.      AHS is qualified to do business and conducts business in this district and division. This court accordingly has personal jurisdiction over the defendant, and thus venue is appropriate pursuant to 28 U.S.C. § 1391.

**ALLEGATIONS COMMON TO THE CLASS**

6.      This case pertains to defendant's nationwide practice of charging home warranty premiums in connection with the settlement or closing of home mortgage loans in a manner that violates RESPA, specifically Section 8(a), which prohibits, among other things, the giving or accepting of fees in exchange for the referral of any "service involving a federally related mortgage loan" to "any person."

7.      AHS is in the business of selling home warranties under which homeowners pay a premium (or a premium is paid on the homeowner's behalf) in exchange for certain services AHS provides in the event that certain components of a home require repair or replacement.

8.      AHS markets its warranties through, among other avenues, real estate brokers involved in the sale of homes that are purchased using home mortgage loans. AHS has business relationships with real estate brokers throughout the United States. These brokers are encouraged to sell AHS warranties to home buyers and sellers in connection with home purchases. The premium for a 1-year home warranty is collected from the home buyer or seller in connection with the settlement and closing of the home purchase and related mortgage documents. AHS customarily pays a fee denominated a "marketing fee" or "administrative fee" to real estate brokers who sell AHS home warranties. The real estate brokers customarily

2

pocket, as their fee, a portion of the home warranty premium that is paid by the home buyer or seller in connection with the settlement or closing of the home mortgage loan.

9.      The foregoing practice of paying fees to real estate brokers in connection with their placing home warranties with home buyers is a violation of Section 8(a) of RESPA, 12 U.S.C. § 2607(b). It constitutes the giving of a fee for the referral of services related to a federally related mortgage loan.

## ALLEGATIONS PERTAINING TO PLAINTIFF RUDD

10.      Mrs. Rudd sold a home located at 3380 Overton Road, Birmingham, AL. 35223. The sale was financed using a federally related mortgage loan from New South Federal Savings Bank, and closed on February 27, 2009.

11.      In connection with the home sale, Mrs. Rudd was represented by a real estate agent.

12.      At the February 27, 2009 closing of the 3380 Overton Road house sale, one of the items listed among Mrs. Rudd's closing costs was a charge for $525 for a one-year home warranty purchased from AHS. Upon information and belief, a portion of that $525 charge that Mrs. Rudd paid at closing went to her real estate agent in exchange for referring Mrs. Rudd's home warranty business to AHS. AHS paid this charge to Mrs. Rudd's real estate agent for the referral.

## CLASS ACTION ALLEGATIONS

13.      Plaintiff brings this action on her own behalf and on behalf of others similarly situated as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

14.      The class which plaintiff seeks to represent is composed of and defined as:

> All persons in the United States of America who have purchased from the defendant a home warranty in connection with the sale or purchase of a home financed by a federally related mortgage during the applicable statute of

limitations period, where any portion of the premium was paid to any real estate agent involved in the transaction, whether such payment was denominated a referral fee, kickback, administrative fee, marketing fee, or any other titles or names describing such payments. Excluded from the class are the defendant, all officers, directors, employees, or agents of the defendant, and any agency or employee of the United States government acting in their official capacity.

15.     This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Rule 23(a)(1)-(4) and Rule 23(b) of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy and superiority requirements thereof because:

(a)     The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Fed. R. Civ. P. 23(a)(1).

(b)     Common questions of law and fact exist as to all members of the class, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions which affect only individual members of the class within the meaning of Fed. R. Civ. P. 23(b)(2). These common questions of law and fact include, without limitation:

(1)  Whether defendant has engaged in a violation of law as alleged herein;

(2)  Whether defendant by nature of its wrongful conduct is liable for damages and losses resulting from the conduct alleged herein;  and

(3)  Whether the defendant had a policy and uniform practice of violating RESPA in connection with the sale of home warranties, as alleged herein.

(c)     Plaintiff's claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The plaintiff and all members of the class sustained damages arising out of defendant' common course of conduct in violation of law as

4

complained herein. The losses of each member of the class were caused directly by defendant's wrongful conduct in violation of law as alleged herein.

(d)     The individual and representative plaintiff will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4). Plaintiff has no interests which are adverse to the interests of the class members. Plaintiff is an adequate representative of the class and any subclass as designated by the court. Plaintiffs have retained counsel who have substantial experience and success in the prosecution of class action and consumer litigation.

(e)     The scheme affected all class members similarly.  Each plaintiff and class member paid a fee in connection with a federally related mortgage closing that violates Section 8 of RESPA.

(f)     A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. P. 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiff Abigail A. Rudd, on her own behalf and on behalf of those similarly situated, prays that the Court will:

A.      Take jurisdiction of this action and certify it as a nationwide class action, appointing D. Frank Davis and John E. Norris as class counsel;

B.      Upon a jury verdict, award damages to plaintiff and the class in an amount equal to three times the amount of any charge paid for the settlement service of providing a home warranty;

C.      Award court costs together with reasonable attorney's fees and expenses;

D.      Award prejudgment and post-judgment interest; and

E.      Award such further, different, or additional relief as the Court deems appropriate.

DAVIS & NORRIS, LLP

D. Frank Davis
John E. Norris
Wesley W. Barnett
Attorneys for Plaintiff

OF COUNSEL:

D. FRANK DAVIS
JOHN E. NORRIS
WESLEY W. BARNETT
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Voice: 205.930.9900
Fax: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com

## JURY DEMAND

Plaintiff demands trial by jury.

OF COUNSEL

**Notice to Clerk:**

Please serve the defendant AHS Home Protection Company, Inc. by certified mail pursuant to Alabama Rules of Civil Procedure 4(i)(2) and Federal Rules of Civil Procedure 4(e)(1) at the following address:

American Home Shield Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109