## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ABIGAIL A. RUDD and MARINTHA HEIL, on their own behalf and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. CV-09-P-1018-S |
| v. ) ) ) | JURY TRIAL DEMANDED |
| AMERICAN HOME SHIELD CORPORATION, ) ) ) | |
| Defendant. | |

## FIRST AMENDED
## NATIONWIDE CLASS ACTION COMPLAINT

Plaintiff Abigail A. Rudd, on behalf of herself and all others similarly situated, hereby amends her complaint against defendant American Home Shield Corporation ("defendant" or "AHS") adding plaintiff Marintha Heil on behalf of herself and all others similarly situated as follows.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Abigail A. Rudd ("plaintiff" or "Rudd") is an adult resident citizen of Alabama and of this district and division.

2. Plaintiff Marintha Heil ("plaintiff" or "Heil") is an adult resident citizen of Maryland.

3. Defendant AHS is a business corporation organized under and existing pursuant to the laws of the state of Delaware, with its principal place of business in Delaware.

4. This is a class action with class members located throughout the United States. Less than one-third of the class members reside in Alabama. The defendant is not a citizen of

Alabama. The amount in controversy exceeds $5,000,000.00 (five million dollars) exclusive of interest and costs. Accordingly, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d) (as modified by the Class Action Fairness Act of 2005).

5.      This case alleges violations of Section 8 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"). This case thus arises under the laws of the United States. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

6.      AHS is qualified to do business and conducts business in this district and division. This court accordingly has personal jurisdiction over the defendant, and thus venue is appropriate pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO THE CLASS

7.      This case pertains to defendant's uniform, nationwide practice of charging home warranty premiums in connection with the settlement or closing of home mortgage loans in a manner that violates RESPA, specifically Section 8(a), which prohibits, among other things, the giving or accepting of fees in exchange for the referral of any "service involving a federally related mortgage loan" to "any person."

8.      AHS is in the business of selling home warranties under which homeowners pay a premium (or a premium is paid on the homeowner's behalf) in exchange for services AHS provides in the event that certain components of a home require repair or replacement.

9.      AHS markets its warranties through, among other avenues, real estate brokers involved in the sale of homes that are purchased using home mortgage loans. AHS has business relationships with real estate brokers throughout the United States. These brokers are encouraged to sell AHS warranties to home buyers and sellers in connection with home purchases. The premium for a 1-year home warranty is collected from the home buyer or seller in connection with the settlement and closing of the home purchase and related mortgage

documents. AHS has an understanding with the real estate brokers that it will pay a fee denominated a "marketing fee" or "administrative fee" to real estate brokers who sell AHS home warranties. The real estate brokers, pursuant to this understanding, pocket, as their fee, a portion of the home warranty premium that is paid by the home buyer or seller in connection with the settlement or closing of the home mortgage loan.

10.     The U.S. Department of Housing and Urban Development ("HUD"), the federal agency charged with interpreting, enforcing, and promulgating regulations under RESPA, has expressly found that arrangements where a real estate agent receives a fee only when a consumer purchases a home warranty product is uniformly a violation of Section 8 RESPA.  *See* letter from Paul Ceja, HUD's Assistant General Counsel, to Dr. Gary Lacefield dated February 21, 2008, attached hereto as Exhibit A. RESPA's Section 8 provides, in pertinent part:

> (a) No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

In HUD's February 21, 2008 letter opinion, HUD notes that its RESPA regulations provide that a "settlement service" subject to Section 8(a) includes "services involving homeowner's warranties." Ex. A, *citing* 24 C.F.R. § 3500.2. HUD further noted that Section 8(c) of RESPA "provides on exception to this prohibition on fees and kickbacks for bona fide compensation for "good or facilities actually furnished for services actually performed." HUD stated that this exception would not apply in a situation where the real estate agent was only compensated if the warranty was actually purchased. "Because the payments are based on the number of successful transactions, they appear to be payments made pursuant to an agreement or understanding to refer business to the [home warranty company, and not payments for services actually performed." Exhibit A, p. 2. Furthermore, characterizing "such arrangements as "marketing" or

"administrative" agreements does not render the underlying conduct legal." *Id.* These kinds of payments made by home warranty providers to real estate agents are "only a means to facilitate payments for referrals by persons in a position to refer settlement service business, in violation of RESPA." *Id.*

11. Accordingly, as a matter of law, the practice of paying fees to real estate brokers in connection with their placing home warranties with home buyers, where the payment to the real estate agent is conditioned upon a successful transaction selling the warranty product, is a violation of Section 8(a) of RESPA, 12 U.S.C. § 2607(b). It constitutes the giving of a fee for the referral of services related to a federally related mortgage loan. It does not matter, under HUD's authoritative interpretation, that the home warranty provider claims that the real estate agent performed "some" services in connection with the home warranty. Pursuant to HUD, where "the payments are based on the number of successful transactions," the payment violates Section 8(a) of RESPA as a matter of law. This is so because in such circumstances, the payments are "made pursuant to an agreement or understanding to refer business" to AHS, and "not payments for services actually performed."

## ALLEGATIONS PERTAINING TO PLAINTIFF RUDD

12. Mrs. Rudd sold a home located at 3380 Overton Road, Birmingham, AL. 35223. The sale was financed using a federally related mortgage loan from New South Federal Savings Bank, and closed on February 27, 2009.

13. In connection with the home sale, Mrs. Rudd was represented by a real estate agent.

14. At the February 27, 2009 closing of the 3380 Overton Road house sale, one of the items listed among Mrs. Rudd's closing costs was a charge for $525 for a one-year home warranty purchased from AHS. Upon information and belief, a portion of that $525 charge that

Mrs. Rudd paid at closing went to her real estate agent in exchange for referring Mrs. Rudd's home warranty business to AHS.  AHS paid this charge to Mrs. Rudd's real estate agent for the referral.

## ALLEGATIONS PERTAINING TO PLAINTIFF HEIL

15. Mrs. Heil sold her condominium located in Birmingham, Alabama.  The sale was financed using a federally related mortgage loan.

16. In connection with the home sale, Mrs. Heil was represented by a real estate agent from Realty South.

17. At the closing of the sale of her home, one of the items listed among Mrs. Heil's closing costs was a charge for a one-year home warranty purchased from AHS.  Upon information and belief, a portion of that charge that Mrs. Heil paid at closing went to her real estate agent in exchange for referring Mrs. Heil's home warranty business to AHS.  AHS paid this charge to Mrs. Heil's real estate agent for the referral.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action on her own behalf and on behalf of others similarly situated as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19. The class which plaintiffs seek to represent is composed of and defined as:

> All persons in the United States of America who have purchased from the defendant a home warranty in connection with the sale or purchase of a home financed by a federally related mortgage during the applicable statute of limitations period, where any portion of the premium was paid to any real estate agent involved in the transaction, where such payments were conditioned upon the successful completion of the transaction selling the home warranty.  Excluded from the class are the defendant, all officers, directors, employees, or agents of the defendant, and any agency or employee of the United States government acting in their official capacity.

20. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Rule 23(a)(1)-(4) and Rule 23(b) of the Federal

Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy and superiority requirements thereof because:

    (a)    The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Fed. R. Civ. P. 23(a)(l).

    (b)    Common questions of law and fact exist as to all members of the class, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions which affect only individual members of the class within the meaning of Fed. R. Civ. P. 23(b)(2). These common questions of law and fact include, without limitation:

    (1) Whether defendant has engaged in a violation of law as alleged herein;

    (2) Whether defendant by nature of its wrongful conduct is liable for damages and losses resulting from the conduct alleged herein; and

    (3) Whether the defendant had a policy and uniform practice of violating RESPA in connection with the sale of home warranties, as alleged herein.

    (c)    Plaintiffs' claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The plaintiffs and all members of the class sustained damages arising out of defendant' common course of conduct in violation of law as complained herein. The losses of each member of the class were caused directly by defendant's wrongful conduct in violation of law as alleged herein.

    (d)    The individual and representative plaintiffs will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4). Plaintiffs have no interests which are adverse to the interests of the class members. Plaintiffs are adequate representatives of the class and any subclass as designated by the

court. Plaintiffs have retained counsel who have substantial experience and success in the prosecution of class action and consumer litigation.

   (e)  The scheme affected all class members similarly.  Each plaintiff and class member paid a fee in connection with a federally related mortgage closing that violates Section 8 of RESPA.

   (f)  A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. P. 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member

**PRAYER FOR RELIEF**

WHEREFORE, the premises considered, plaintiff Abigail A. Rudd and Marintha Heil, on their own behalf and on behalf of those similarly situated, pray that the Court will:

 A. Take jurisdiction of this action and certify it as a nationwide class action, appointing D. Frank Davis and John E. Norris as class counsel;

  B. Award damages to plaintiff and the class in an amount equal to three times the amount of any charge paid for the settlement service of providing a home warranty;

  C. Award court costs together with reasonable attorney's fees and expenses;

  D. Award prejudgment and post-judgment interest; and

  E. Award such further, different, or additional relief as the Court deems appropriate.

              Respectfully Submitted,

              DAVIS & NORRIS, LLP

              /s/ D. Frank Davis
              D. Frank Davis
              John E. Norris
              Wesley W. Barnett
              Attorneys for Plaintiff

OF COUNSEL:

D. FRANK DAVIS
JOHN E. NORRIS
WESLEY W. BARNETT
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama  35205
Voice:  205.930.9900
Fax:  205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com

## JURY DEMAND

Plaintiff demands trial by jury.

## CERTIFICATE OF SERVICE

This is to certify that pursuant to Rule 5 of the Federal Rules of Civil Procedure, the plaintiffs on this the 28th day of May, 2009, served a true and correct copy of the foregoing by U.S. Postal Service addressed as follows:

American Home Shield Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

                                      /s/ D. Frank Davis
                                      OF COUNSEL