

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, DC 20410-0500

OFFICE OF GENERAL COUNSEL

FEB 2 1 2008

Dr. Gary Lacefield
Risk Mitigation Group
1402 W. Mayfield Road
Suite 400
Arlington, Texas 76015

Dear Dr. Lacefield:

This is in response to your letter addressed to Christopher Kinnear, at HUD's Fort Worth field office, in which you presented two scenarios where real estate agents are paid fees based upon the agents' relationships with home warranty companies (HWCs). You requested HUD counsel's response on your conclusion that both of these scenarios present violations of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2601-2617) (RESPA).

The first scenario described a "Marketing Agreement" between a real estate agent or real estate broker and a HWC. Under this agreement the real estate agent/broker agrees to perform numerous, varied, and sundry marketing-related services to promote the HWC's product. The real estate agent/broker is compensated only when the consumer purchases the HWC product.

The second scenario described an "Administrative Services Agreement" between a real estate agent or real estate broker and a HWC. Under this agreement the real estate agent/broker agrees to perform numerous, varied, and sundry administrative-related services to promote the HWC's product. As under a "Marketing Agreement," the real estate agent/broker is compensated only when the consumer purchases the HWC product.

This response is limited to the facts stated above, as you have presented them. Based on these facts it appears likely that the first type of arrangement (Marketing Agreement) constitutes a violation of Section 8 of RESPA (42 U.S.C. 2607). For the same reasons, it also appears likely that the second type of arrangement (Administrative Service Agreement) constitutes a violation of Section 8, although your description does not provide any details about the specific services that may be performed under these agreements. The experience of HUD's RESPA enforcement staff is that it would be difficult for real estate agents and brokers to establish that the services they provide in connection with a homeowner warranty merit additional compensation that is in accordance with Section 8 and HUD's regulations.

HUD's RESPA regulations define "settlement service" to include services involving homeowner's warranties. 24 C.F.R. § 3500.2. Section 8(a) of RESPA prohibits giving or accepting a fee or kickback for the referral of settlement service business in connection with a federally related mortgage loan. Section 8(b) prohibits giving or accepting any part of a charge for the rendering of a settlement service other than for services actually performed. Section 8(c) provides an exception to this prohibition on fees and kickbacks, for bona fide compensation for "goods or facilities actually furnished or for services actually performed." Section 3500.14(b) of HUD's regulations makes clear

that, with limited exceptions not applicable here, the referral of a settlement service is not a compensable service under RESPA. Section 3500.14(c) establishes that nominal services also are not compensable.

Under § 3500.14(f) of HUD's regulations "a referral is any oral or written action directed to a person which has the effect of affirmatively influencing the selection by any person of a provider of a settlement service...." Under RESPA and the regulations, an agreement or understanding that calls for someone in the position to refer settlement service business to affirmatively influence the selection by a person of a particular settlement service provider is an agreement or understanding for the referral of settlement service business. HUD's regulations permit a settlement service provider who is in a position to refer settlement service business, such as a real estate agent or broker, to receive additional compensation for providing additional settlement services that are actual, necessary, and distinct from the primary services provided by that person in a transaction (24 CFR 3500.14(g)(3)).

In the scenarios you presented, however, the payments related to homeowner warranties do not appear to be bona fide compensation. Because the payments are based on the number of successful transactions, they appear to be payments made pursuant to an agreement or understanding to refer business to the HWC, and not payments for services actually performed. Some factors that HUD would review in deciding whether such payments are for referrals, in violation of RESPA, rather than for compensable services, are how the person is paid, whether there is an exclusive arrangement, and whether the activity involved amounts to an endorsement of a particular settlement service provider.

This analysis is consistent with the position on payments to real estate agents for placing homeowner warranties that is set forth in the November 15, 1996, letter from Nelson A. Diaz, then-HUD General Counsel (Diaz letter), to which you referred in your correspondence. Characterizing such arrangements as "marketing" or "administrative" agreements does not render the underlying conduct legal. Each of the two HWC agreements as described in your letter appear to be only a means to facilitate payments for referrals by persons in a position to refer settlement service business, in violation of RESPA.

Please note that this response is an unofficial staff interpretation in accordance with 24 CFR § 3500.4(b). As such, the response does not constitute a rule, regulation, or interpretation of the Secretary of HUD for purposes of section 19 of RESPA (12 U.S.C. 2617), and no person may rely on this response to provide protection from liability under RESPA or HUD's implementing regulations. Nor is this response an endorsement of any service or product, or of any analyses, that you or your company provide.

Sincerely,

Paul Ceja
Assistant General Counsel for GSE/RESPA