## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS S. ABNEY, et al., | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| v. | } | **CASE NO. 2:09-CV-1018-RDP** |
| | } | |
| AMERICAN HOME SHIELD | } | |
| CORPORATION, | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION AND ORDER

The court has before it the April 14, 2011 Motion to Intervene (Doc. #40) filed by Michelle A. Schuler pursuant to Rule 24(a) and/or (b) of the Federal Rules of Civil Procedure.  Pursuant to the court's order of April 15, 2011 (Doc. #42), the Motion (Doc. #40) is under submission and considered without oral argument.

## I.  Relevant Procedural History and Facts

Plaintiff Abigail A. Rudd filed her original complaint in this Action on May 26, 2009.  The complaint was amended on May 28, 2009, and again on June 8, 2009.  As a result of the amendments and subsequent voluntary dismissal of Rudd and Plaintiff Marintha  Heil, Plaintiffs Thomas S. and Jennifer L. Abney have remained the named Plaintiffs and class representatives in the Action.

The original and amended complaints allege that American Home Shield ("AHS") markets Home Service Contracts through, among other means, real estate brokers involved in home sales.  Plaintiffs allege that a fee paid by AHS for services provided by the broker in connection with the sale of AHS's Home Service Contracts is an impermissible referral fee or kickback that is unlawful under § 8(a) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a).  The

portion of the charge allegedly paid by AHS to the real estate agent is the alleged impermissible referral fee at issue in this case.

The original and amended complaints in the Action relied on an informal letter, dated February 21, 2008, written by Paul Ceja, an attorney with the U.S. Department of Housing and Urban Development ("HUD"). Both the original and amended complaints contend that this informal letter created *per se* liability each time a Home Service Contract company paid a real estate broker in connection with the sale of a Home Service Contract. (*See, e.g.,* Doc. #6, ¶ 12). After the operative amended complaint was filed, on June 24, 2010, HUD released an interpretive rule regarding the sale of home service contracts in connection with real estate transactions subject to RESPA. In that interpretive letter, the General Counsel of HUD discussed the application of RESPA to compensation provided to a real estate broker or agent by a home warranty company ("HWC") in connection with the sale of a Home Service Contract or warranty. The General Counsel concluded that a HWC cannot pay compensation to a real estate broker or agent for the referral of a business to the HWC in connection with a federally related mortgage loan, but that a fee can permissibly be paid by the HWC if such fee represents payment for compensable services. The General Counsel also indicated that a payment by a HWC to a broker or agent for marketing services directed to particular home buyers or sellers generally would violate Section 8 of RESPA, 12 U.S.C. § 2607, but that a determination of whether the payment was for compensable services, and thus permissible, is to "be based on a review of the particular facts of each case." While the parties to the Action are not in agreement on the meaning, applicability, or force of the General Counsel's June 24, 2010 or November 23, 2010 interpretations, they do agree that the interpretations potentially impact both class certification and merits issues in the Action.

On April 14, 2011 Michelle A. Schuler filed her Motion to Intervene (Doc. #40) in this Action. Schuler alleges that, like the named Plaintiffs, she was subjected to a kickback or referral scheme involving AHS. (*See* Doc. #41 at 3). Schuler seeks intervention because in the current Action:

> the Named Plaintiffs have sued only AHS, alleged claims against only AHS, and reached a proposed settlement with only AHS. Named Plaintiffs have not asserted, much less pursued, any claim against any real estate agent, including their own agent. The Named Plaintiffs certainly have not pursued claims against Ebby Halliday Realtors. However, according to their proposed settlement agreement, the Named Plaintiffs were nonetheless apparently willing to completely release any and all claims the absent class members may have against any real estate agents.

(Doc. #41 at 4).

Schuler filed a putative class action suit[1] against Ebby Halliday Real Estate on October 14, 2010 in the Eastern District of Texas, case number 6:10-CV-00546. In that lawsuit, Schuler alleges that she purchased a residence in August 2009, as to which residence an AHS home service contract was placed in connection with the real estate sale. Defendant Ebby Halliday, the realty company participating in the sale, was allegedly paid a fee of $90 by AHS in connection with the sale of the home service contract.[2] Schuler alleges that these facts establish a violation by the realty company of Section 8 of RESPA and a breach of fiduciary duty under Texas law. Because of the injunction

---

[1] The Schuler class is defined as all persons and entities who "(1) were parties to a residential real estate transaction occurring from November 1, 2006 to the present, whether as a buyer or seller, (2) were represented by an Ebby Halliday broker or agent in such transaction, (3) where an American Home Shield warranty was purchased by either the seller or the buyer as part of such transaction." (Doc. #44, Exh. A, ¶ 26).

[2] Ebby Halliday's pending motion to dismiss in the Texas case argues that Schuler has sustained no economic or other injury pertaining to her to assert a claim, whether under RESPA or Texas fiduciary law. Schuler, in any event, contends that she is a member of the class in the *Abney* case.

contained in this court's order preliminarily approving the *Abney* class (*see* Doc. #38, ¶ 12), Schuler agreed to a stay of her claims in Texas against Ebby Halliday.  The stay in Schuler's case in Texas remains in effect.

## II.   <u>Applicable Law and Analysis</u>

Rule 23 of the Federal Rules of Civil Procedure permits an absent class member to intervene in a class action.  The Eleventh Circuit has adopted the following four-pronged test for evaluating requests for intervention as a matter of right under Rule 24(a)(2):

(1)   whether the application for intervention is timely;

(2)   whether the putative intervenor has an interest relating to the property or transaction which is the subject of the litigation;

(3)   whether the intervenor is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and

(4)   whether his interest is represented inadequately by existing parties.

*Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004).  A district court must grant a Rule 24(a) motion if the four prerequisites are met*.  See Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).

Rule 24(b) provides an alternative basis for intervention.  A party seeking to intervene in a class action pursuant to Rule 24(b) must show both of the following: (1) her application to intervene is timely; and (2) her claim or defense and the main action have a question of law or fact in common. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989).  While it is wholly discretionary with the court whether to allow intervention under Rule 24(b), district courts within this circuit have held that "Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor."  *Adams Offshore, Ltd. v. Con-Dive, LLC*, 2009 WL 2971103, at *1 (S.D. Ala. 2009).  "Permissive intervention under 24(b) is appropriate where a party's claim or defense and the main

action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Prop., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

This case is not one that meets the requirements of intervention of right.  It is debatable whether Schuler is a settlement class member, and thus it is unclear whether she has an interest relating to the property or transaction pursuant to Federal Rule of Civil Procedure 24(a)(2).  The class in the *Abney* case consists of individuals (whether those individuals are buyers or sellers) who purchased and paid for an AHS home warranty.[3]  Schuler bought a house and in connection with that purchase obtained an AHS warranty, with the HUD-1 indicating that the warranty was paid for by the seller.[4]  (Schuler HUD-1, Exh. C to Doc. #41-3, line 1305).  However, Schuler argues that she was charged and paid for the home warranty herself when she purchased her home.  (*See* Doc. #45 at 4-5).

> It was Proposed Intervenor, as buyer, who decided whether she would purchase a home warranty, which company she would purchase a warranty from, and how much she would spend on her purchase of a  warranty for her new home.  The seller's obligation to reimburse (not necessarily the total cost but only "an amount not exceeding $500") at closing arises under their contract only if Proposed Intervenor first "purchases a residential service contract."  If anyone was the "purchaser" of the AHS warranty that Proposed Intervenor chose to purchase for her new home, it was clearly her.

---

[3] The class preliminarily certified by the court in the preliminary approval order is defined in pertinent part as follows: "those Persons in the United States who, during the Class Period, purchased a Home Service Contract from AHS."  (*See* Doc. #38).

[4] AHS has filed and briefed a substantive motion to dismiss the case in Texas on this basis.

5

(Doc. #45 at 4-5).  The court declines to make a finding on the inclusion or exclusion of Schuler in the *Abney* class at this juncture.[5]

In any event, Schuler does meet the elements of permissive intervention.  No one argues that her application to intervene is untimely.  (*See* Doc. #43 at 1; *see also* Doc. #44 at 1).  Schuler's claims share a common question of fact with the claims of the *Abney* Plaintiffs – in both instances, it is alleged that fees were improperly paid by AHS in connection with the sale of Home Service Contracts.  Therefore, the Motion to Intervene (Doc. #40) is due to be granted.  However, the sum of Schuler's arguments amount to an objection to one of the terms of the preliminarily-approved class settlement – that the Releases in *Abney* should not extend beyond AHS itself or cover brokers and other real estate professionals.  That objection will be considered at the hearing on the final approval of the settlement, but does not release Schuler from the injunction issued in this action.

## III.   Conclusion

The Motion to Intervene (Doc. #40) filed by Michelle A. Schuler on April 14, 2011 is **GRANTED**.

**DONE** and **ORDERED** this _____11th_____ day of July, 2011.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[5] The proposed settlement in this case administers monies on a claims-made basis.  The court has appointed the Garden City Group, Inc. as the claims administrator, "which shall consider claims for settlement compensation in accordance with the terms and conditions of this Order and Agreement."  (Doc. #38, ¶ 3).